UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DEANTE DRAKE,                    :
                                 :
          Petitioner             :     No. 1:15-CV-00866
                                 :
     vs.                         :     (Judge Kane)
                                 :
WARDEN OF F.C.I. SCHUYLKILL,     :
                                 :
          Respondent             :

MEMORANDUM

Background

Deante Drake, a federal inmate presently confined at the Allenwood Federal Correctional Complex, White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the warden of the Federal Correctional Institution at Schuylkill as the Respondent.  Doc. 1, Drake's Petition.  Drake was indicted by a federal grand jury in the Northern District of West Virginia of drug offenses, he entered a plea of guilty to various charges, and he was sentenced as a career offender to a term of imprisonment of 292 months, in May, 2008.  Drake filed a direct appeal which was dismissed on March 16, 2009, and then two petitions under 28 U.S.C. § 2255 which were also dismissed on November 19, 2013, and February 6, 2015, respectively. In the second § 2255 petition Drake contended that he raised a claim under Descamps v. United States, 133 S.Ct. 2276 (2013) which involved the application of the sentencing

enhancement under the Armed Career Criminal Act, 18 U.S.C. §

924(e). Drake paid the $5.00 filing fee.

By memorandum and order of October 2, 2015, the petition

was given preliminary consideration pursuant to Rule 4 of the

Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made

applicable to § 2241 cases by Rule 1 thereof, and dismissed

summarily.[1]  The court in an 8-page memorandum explained that

Drake's petition was subject to dismissal because his remedy under

28 U.S.C. § 2255 was not "inadequate or ineffective."

On November 3, 2015, Drake filed a motion for

reconsideration.  Drake contends that the court committed error.

For the reasons set forth below the court will deny the motion.

**Discussion**

A motion for reconsideration is a device of limited

utility.  It may be used only to seek remediation for manifest

errors of law or fact or to present newly discovered evidence

which, if discovered previously, might have affected the court's

decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985),

cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life

Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1,

1989) (Rambo, J.).  Accordingly, a party seeking reconsideration

---

1.  Rule 4 states in pertinent part that "[t]he clerk must
promptly forward the petition to a judge under the court's
assignment procedure, and the judge must promptly examine it. If
it plainly appears from the petition and any attached exhibits
that the petitioner is not entitled to relief in the district
court, the judge must dismiss the petition . . . ."

must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

The facts of this case are reviewed in the court's memorandum of October 2, 2015 and the court incorporates those facts herein by reference.

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).

In his motion for reconsideration Drake continues to argue that his remedy under § 2255 is "inadequate and ineffective." It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Drake failed to meet this burden. Drake merely rehashes the arguments in his petition. At best under the present circumstances Drake may demonstrate a personal inability to utilize the § 2255 remedy, but he does not establish the inadequacy or ineffectiveness of the remedy itself.

See <u>Jeffers v. Holland</u>, Civil No. 97-1203, (M.D. Pa. Nov. 7, 1997)

(Conaboy, J.); <u>Berry v. Lamer</u>, Civil No. 96-1678, <u>slip op</u> at 13-14

(M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of

two orders from circuit court warning petitioner that no other

submissions shall be filed or entertained in his case, did not

render his remedy by way of § 2255 motion inadequate or

ineffective); <u>Holland v. Harding</u>, Civil No. 95-0870, <u>slip op</u> at 4

(M.D. Pa. Nov. 21, 1995) (McClure, J.)(holding that entering into

a sentencing agreement wherein the right to challenge the

conviction or sentence by direct appeal or by § 2255 motion is

waived does not render a § 2255 motion inadequate or ineffective);

<u>see also</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)

(denying motion for certification to file a second § 2255 petition

without prejudice to petitioner filing a § 2241 habeas corpus

petition because passage of a subsequent law may negate the crime

of which he was convicted, the Third Circuit Court of Appeals

stated in dicta, "[w]e do not suggest that § 2255 would be

'inadequate or ineffective' so as to enable a second petitioner to

invoke § 2241 merely because that petitioner is unable to meet the

stringent gatekeeping requirements of the amended § 2255.  Such a

holding would effectively eviscerate Congress's intent in amending

§ 2255.").

          As noted above, § 2255 authorizes a district court to

consider a habeas corpus petition of a federal prisoner only if

the § 2255 motion is inadequate or ineffective.   Clearly in view

of the fact that Drake has already filed a § 2255 motion regarding his conviction, that remedy has proven to be an affective and adequate means for him to challenge the legality of his detention.

Drake's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Thus, the Court finds that its memorandum and order October 5, 2015,  is not defective because of manifest errors of law or fact and Drake has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motions for reconsideration will be denied.