UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DEANTE DRAKE,                    :
                                 :
            Petitioner           :     No. 1:15-CV-00866
                                 :
      vs.                        :     (Judge Kane)
                                 :
WARDEN OF F.C.I. SCHUYLKILL,     :
                                 :
            Respondent           :

MEMORANDUM

## Background

          Deante Drake, a federal inmate presently serving a
sentence for conspiracy to distribute a controlled substance
(i.e., 50 grams or more of cocaine base) at the Allenwood Federal
Correctional Complex, White Deer, Pennsylvania, filed a petition
for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he
named the warden of the Federal Correctional Institution at
Schuylkill as the Respondent.  (Doc. No. 1, Drake's Petition.)
Drake paid the $5.00 filing fee.

          By memorandum and order of October 2, 2015, the petition
was given preliminary consideration pursuant to Rule 4 of the
Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made
applicable to § 2241 cases by Rule 1 thereof, and dismissed
summarily.[1]  The court in an 8-page memorandum explained that

---

1.  Rule 4 states in pertinent part that "[t]he clerk must
promptly forward the petition to a judge under the court's
assignment procedure, and the judge must promptly examine it. If
it plainly appears from the petition and any attached exhibits
                                        (continued...)

Drake's petition was subject to dismissal because his remedy under 28 U.S.C. § 2255 was not "inadequate or ineffective."

On November 3, 2015, Drake filed a motion for reconsideration.  By memorandum and order of December 21, 2015, the court denied the motion for reconsideration.

On January 14, 2016, Drake filed a document which in essence is a second motion for reconsideration but entitled "Motion for Summary Judgment Under Rule 56, for a Declaratory Judgment (28 U.S.C. §§ 2201, 2202), and Injunctive Relief from the Denied Reconsideration of the Burrage Claim, and the Conflict Between Middle District Judges Over Burrage v. United States, [134 S.Ct. 881, 187 L.Ed. 2d 715 (2014)]."[2]  (Doc. No. 13.)  With respect to Burrage,[3] Drake incorrectly claimed that "he was never

_____

1.  (...continued)
that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

2.  Although Drake seems to contend that Judge Nealon and Judge Rambo issued decisions which conflict with the court's ruling in this case, neither Judge Nealon nor Judge Rambo indicated that section 2255 was an inadequate or ineffective means to raise a Burrage claim under the circumstance of this case.

3.  Burrage was charged with distributing heroin where death resulted from the use of the heroin. 134 S.Ct. at 885. Burrage pled not guilty and went to trial. The death enhancement resulted in a mandatory minimum of 20 years' imprisonment. The Supreme Court held that where the use of the drug distributed by the defendant is not an independently sufficient cause of death, the "death results" enhancement is an element of the offense which must be submitted to the jury and found beyond a reasonable doubt. Id. at 887.  Furthermore, the penalty enhancement can only apply where the drug ingestion is a but-for cause of the death. Id. at 892. However, in contrast Drake pled guilty to Count 1 of an Indictment which charged a specific amount of drugs which
(continued...)

charged with the identity of the controlled substance in § 841(b),
as an element of §§ 846 and 841, by a grand jury; nor did he
knowingly waive his right to a unanimous petit jury findings."
(Doc. No. 1, at 2.)   Drake also erroneously claims that he was
sentenced to more than the one-year maximum provided by statute.
In the second motion for reconsideration Drake takes issue with
this court's denial of his motion for reconsideration. He also
requests that the court vacate the December 21, 2015, order and
transfer his § 2241 motion to the Northern District of West
Virginia. Id. at 7.   For the reasons set forth below, Drake's
second motion for reconsideration will be denied.

**Discussion**

        A motion for reconsideration is a device of limited
utility.  It may be used only to seek remediation for manifest
errors of law or fact or to present newly discovered evidence
which, if discovered previously, might have affected the court's
decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985),
cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life
Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1,
1989) (Rambo, J.).  Accordingly, a party seeking reconsideration
must demonstrate at least one of the following grounds prior to
the court altering, or amending, a standing judgment: (1) an

_____

3.  (...continued)
qualified Drake for a mandatory minimum of 10 years and the case
did not involve the death of another individual as the result of
the use of the drug.

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Drake was indicted by a federal grand jury in the Northern District of West Virginia of drug offenses, he entered a plea of guilty to one charge, and he was sentenced as a career

offender to a term of imprisonment of 292 months, in May, 2008.
Drake filed a direct appeal which was dismissed on March 16, 2009,
and then two petitions under 28 U.S.C. § 2255 which were also
dismissed on November 19, 2013, and February 6, 2015,
respectively. In the second § 2255 petition Drake contended that
he raised a claim under Descamps v. United States, 133 S.Ct. 2276
(2013) which involved the application of the sentencing
enhancement under the Armed Career Criminal Act, 18 U.S.C. §
924(e).

A review of the  docket of the United States District
Court for the Northern District of West Virginia revealed that on
June 5, 2007, a five-count indictment was filed against Drake and
others charging the defendants, inter alia, with distributing
cocaine base. Indictment, United States v. Drake, 1:07-CR-00053-
IMK-JES-1 (N.D.W.Va. June 5, 2007), ECF No. 14 (PACER).[4]  On
January 9, 2008, Drake entered a plea of guilty to one count of
conspiracy to possess with intent to distribute and to distribute
fifty grams or more of cocaine base.[5]  Order Adopting Report and

---

4.  The court docket for this case was accessed using the Public
Access to Court Electronic Records (PACER) which is an electronic
database of United States federal court documents. A district
court may take judicial notice of proceedings in another court.
See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes
v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal
courts may take judicial notice of other courts' proceedings,
within the federal judiciary and without, if the proceedings
directly relate to the matter before the court.").

5.  Drake was charged in Count One of the Indictment with
conspiracy to possess with intent to distribute 50 grams or more
(continued...)

Recommendation [DKT. No. 7], Overruling Objections [DKT. No. 10],
Denying § 2255 Motion [DKT. No. 1], and Dismissing Case with
Prejudice, <u>United States v. Drake</u>, No. 1:07-CR-00053-IMK-JES-1
(N.D.W.Va. February 6, 2015), ECF No. 357(PACER). Drake entered
the guilty plea pursuant to a plea agreement which stipulated that
he was a career offender under § 4B1.1 of the United States
Sentencing Guidelines[6] and that his relevant conduct involved
between 50 and 150 grams of cocaine base. <u>Id.</u>  Drake also waived
his right to a direct appeal of any sentence imposed or to
collaterally attack his sentence. <u>Id.</u>  On May 12, 2008, Drake
appeared in the district court in West Virginia, before the
Honorable Irene M. Keeley, for sentencing.  Judge Keeley found
that Drake had a total offense level of 35 and criminal history
category of VI[7] which resulted in a sentencing guideline range of

---

5.   (...continued)
of cocaine base in violation of Title 21, United States Code,
Sections 841(a)(1), 841(b)(1)(A) and 846. Such an offense
according to the plea agreement was punishable by imprisonment
for not less than 10 years and not more than life, a fine of
$4,000,000, a period of supervised release of five (5) years, and
a special mandatory assessment of $100,000. 21 U.S.C. § 841
(effective July 27, 2006 to April 14, 2009).

6.   Drake was sentenced under the Guideline provision in effect
from November 1, 2007, through October 31, 2008.  Under § 4B1.1 a
career offender has a criminal history category of VI.

7.   In the plea agreement the parties stipulated that Drake's
"total relevant conduct" involved "50 grams but less than 150
grams of cocaine base, and that [Drake was] a 'career offender'
under § 4B1.1 of the Guidelines." ECF 141.  The plea agreement
further provided that Drake retained "his appellate rights and
rights to collaterally attack his sentence only with respect to
any sentence imposed using a base offense level 38 or higher."
(continued...)

292 to 365 months.[8]  Judge Keeley imposed a sentence of 292 months
of imprisonment, the lowest end of the applicable guideline range,
followed by five years supervised release. Id.

    Drake appealed to the Court of Appeals for the Fourth
Circuit which appeal was rejected. Id.  Drake filed his first §
2255 motion on August 28, 2009. United States v. Drake, No. 1:07-
CR-00053-IMK-JES-1 (N.D.W.Va. Aug. 28, 2009) ECF No. 223(PACER).
The district court dismissed that motion on March 21, 2011. ECF
No. 251.  Drake filed an appeal to the Court of Appeals for the
4th Circuit which was dismissed on February 13, 2012. ECF No. 267.
On November 22,2013, Drake filed a second § 2255 motion, in which
he asked the district court to overturn his conviction in light of
the decision of the Supreme Court in Descamps v. United States,
supra, because he was "actually innocent" of the "aggravated
crime" of being a career offender. ECF No. 308. The district court
on February 6, 2015, dismissed that petition as a second or
successive § 2255 motion and because Drake did not seek permission
from the Court of Appeals for the 4th Circuit to file it. ECF No.
357.  The district court denied a certificate of appealability.
Id.  A motion for reconsideration was denied on March 2, 2015.
ECF. No. 361. Drake filed an appeal to the Court of Appeals for

---

7.  (...continued)
Id.

8.  See Opinion/Report and Recommendation, United States v.
Drake, 1:07-CR-00053-IMK-MJA (N.D.W.Va.), ECF No. 254, at 4
(PACER).

the 4th Circuit and on August 24, 2015, the Court of Appeals denied a certificate of appealability and dismissed the appeal. ECF. No. 373.

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).  Section 2241 authorizes a district court to consider a habeas corpus petition of a federal prisoner in cases where the § 2255 motion is inadequate or ineffective.

Clearly in view of the fact that Drake has already filed a § 2255 motion regarding his conviction, that remedy has proven to be an effective and adequate means for him to challenge the legality of his detention.

28 U.S.C. § 2255(f) provides in relevant part as follows:

> A 1-year period of limitation shall apply to a motion
> under this section. The limitation period shall run
> from the latest of –

```
*    *    *    *    *    *    *    *    *    *    *
```

      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

```
*    *    *    *    *    *    *    *    *    *    *
```

Section 2255(h) further provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain," inter alia, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that previously was unavailable."

      Drake has not established that his remedy under § 2255 is inadequate or ineffective. The court incorporates by reference the reasoning set forth in the memoranda and orders of October 2 and December 21, 2015, and will deny Drake's second motion for reconsideration.[9]

      An appropriate order will be entered.

---

9.  The court further notes that Drake on March 11, 2016, filed a section 2255 motion in the United States District Court for the Northern District of West Virginia raising a <u>Burrage</u> claim. <u>Drake v. USA</u>, 1:16-CV-00037-IMK-MJA (N.D.W.Va. filed March 11, 2016)(PACER).